IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SALGADO,

  Petitioner,      No. CIV S-01-2035 GEB DAD P

 vs.

ROSEANNE CAMPBELL, et al.,

  Respondents.     FINDINGS & RECOMMENDATIONS

_____/

  Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1999 conviction on charges of petty theft with an enhancement for having served two prior prison terms. He seeks relief on the grounds that: (1) he was denied the rights to due process and a speedy trial because of the trial court's failure to set a date for his preliminary hearing within time limits prescribed by California law; and (2) the California Superior Court erred in denying his petition for writ of habeas corpus. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

PROCEDURAL BACKGROUND

  On November 17, 1998, a complaint was filed in the Sacramento County Superior and Municipal Court charging petitioner with two counts of petty theft with a prior, in violation

1

of California Penal Code § 666 and alleging that he had previously been convicted of a serious felony bringing him within the provisions of California Penal Code §§ 667(b) - (I) and 1170.12. (Clerk's Transcript on Appeal (CT) at 7-8.) On that same date petitioner made his initial appearance and was arraigned. (Reporter's Augmented Transcript on Appeal (ART) at 2.) At that initial appearance, the following colloquy occurred between the presiding judge, petitioner, a public defender and appointed counsel from the indigent criminal defense panel:

> THE COURT: David Salgado.
>
> THE DEFENDANT: That's me.
>
> THE COURT: You're charged with petty theft with a prior incarceration for theft in two counts alleged occurred between November 12, 1998, and November 15, 1998. It's also alleged you have prior convictions – or a prior conviction from August 24, 1988, that is for burglary in the first degree out of Yolo. That's a serious felony strike within the meaning of Penal Code Section 667(b) through (I) and 1170.12.
>
> You're entitled to an attorney on this. Can you afford to hire an attorney?
>
> THE DEFENDANT: No, I can't.
>
> THE COURT: All right. Public Defender, conflict for you on Monday?
>
> MR. ARKELIAN: Yes, please.
>
> THE COURT: All right. Mr. Long.
>
> MR. ARKELIAN: Overload.
>
> MR. LONG: Yes, your Honor. I acknowledge receipt of the complaint in Mr. Salgado's case and acknowledge receipt and have advised him of his constitutional rights.
>
> Next court date will be?

/////
/////
/////
/////

THE COURT: November 30th at 8:30 in this department. And he has a parole hold.

(Id. at 1-2.)[1]

The court minutes reflect that the November 30, 1998 hearing was for further proceedings ("F/P"). (CT at 1.) On November 30, 1998 the case was set for Superior Court Review ("SCR") on December 7, 1998. (Id.) The record does not reflect the entry of any plea by petitioner at these first two appearances. Rather, on December 7, 1998, petitioner entered a plea of not guilty and a date was set for the preliminary hearing within ten days thereafter on December 17, 1998. (CT at 1; ART at 3.) Immediately after entering the plea, petitioner's counsel informed the court that petitioner believed he had previously entered a plea of not guilty to the charges at the November 17, 1998 arraignment and had asked counsel to "file a motion with respect to that matter." (Id. at 4.)[2] At a subsequent court hearing on December 17, 1998, defense counsel moved to dismiss the charges against petitioner "on the grounds that [defense counsel] stated before on the record." (Id. at 8.) The trial court denied the motion to dismiss, finding that petitioner had not entered a guilty plea at his arraignment on November 17, 1998 and that the preliminary hearing had been properly set within ten days of the entry of petitioner's plea on December 7, 1998. (Id.)[3] At the conclusion of the preliminary hearing on December 18, 1998, petitioner was held to answer on all charges, the complaint was deemed by the court to be

/////

---

[1] As is made clear by this exchange, Mr. Arkelian is a deputy public defender who declined to accept appointment due to work overload. As indicated in the minutes, Mr. Long was a member of the Sacramento County Indigent Criminal Defense Panel ("ICDP") who accepted appointment of the panel on petitioner's behalf. (See CT at 1.)

[2] It appears from subsequent court proceedings that defense counsel was referring to a motion to dismiss on the grounds that the preliminary hearing had not been set within ten days of petitioner's entry of plea, as required by California law.

[3] Petitioner's preliminary examination was continued one day to December 18, 1998 due to the unavailability of witnesses. (CT at 2; ART at 8-9.)

an information and petitioner was arraigned on the information after refusing to waive arraignment. (CT at 7, 11, 34-36.)

On February 9, 1999, an amended information was filed in the Sacramento County Superior Court charging petitioner with two counts of petty theft with a prior, in violation of California Penal Code § 666. (Clerk's Transcript on Appeal (CT) at 39-41.) It was also alleged at that time that petitioner had previously suffered a prior dangerous or serious felony conviction, within the meaning of California Penal Code §§ 667(b) - (I) and 1170.12; and had served two prior prison terms, within the meaning of California Penal Code § 667.5(b). (Id.) Jury trial commenced the following day, February 10, 1999. (Reporter's Transcript on Appeal (RT) at 1.) On February 17, 1999, the jury found petitioner's not guilty of the petty theft charged in count one of the information but found him guilty of the petty theft charged in count two. (CT at 131-32.) Petitioner waived jury trial on the prior conviction allegations and the court found those allegations true. (Id. at 134-35.) On March 26, 1999, petitioner was sentenced to a term of six years in state prison. (RT at 233-34.)

On October 21, 1999, petitioner filed an opening brief on appeal, in which he argued that the trial court committed prejudicial error when it allowed the jury to view an unredacted version of a California pattern jury instruction and when it refused petitioner's proposed jury instruction on the meaning of the phrase "burden of proof." (Answer, Exs. A, D.) Petitioner's judgment of conviction was affirmed by the California Court of Appeal in a decision dated June 6, 2000. (Answer, Ex. D.) On approximately July 5, 2000, petitioner filed a petition for review in the California Supreme Court. (Answer, Ex. E.) That petition was summarily denied by order dated August 16, 2000. (Answer, Ex. F.)

On March 27, 2001, petitioner filed a petition for writ of habeas corpus in the California Superior Court. (Answer, Ex. G.) Therein, he alleged that he was denied the right to a speedy trial when the state trial court failed to allow him to enter a plea at his initial appearance and failed to set a date for the preliminary hearing within ten days of that appearance. (Id.)

Petitioner also claimed that "ineffectiveness of counsel" prevented him from entering a plea at the November 17, 1998 arraignment. (Id.) That petition was denied in a reasoned decision dated April 19, 2001. (Answer, Ex. H.) On May 1, 2001, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, claiming that he was denied the right to a speedy trial and that the Superior Court erred in denying his petition for a writ of habeas corpus. (Answer, Ex. I.) That petition was summarily denied by order dated May 4, 2001. (Answer, Ex. J.) On May 29, 2001, petitioner filed a petition for writ of habeas corpus in the California Supreme Court raising the same claims. (Answer, Ex. K.) That petition was denied on September 26, 2001, with a citation to In re Dixon, 41 Cal. 2d 756 (1953.) (Answer, Ex. L.) Petitioner filed a petition for writ of habeas corpus in this court on November 2, 2001.

## FACTUAL BACKGROUND[4]

> On November 12, 1998, a security guard at the Downtown Plaza Macy's watching a surveillance monitor saw the defendant in the men's furnishings department. The defendant chose two belts and three pairs of gloves. He then went down the escalator to the parking garage without paying for the items. Although the security guard and a colleague both attempted to follow the defendant, neither could find him in the garage. The jury acquitted the defendant on this count.
>
> On November 15, the security guard was again watching a surveillance monitor and saw the defendant enter the store. The defendant walked to the same area of the men's furnishings department. He quickly selected three pairs of gloves and headed for the escalator to the parking garage. When the security guard saw on another monitor that the defendant was heading to the lower level of the garage, he took the elevator with his partner to intercept him. When they got to the garage, his partner started to run around the corner, yelling that the defendant was running. The two followed him out to L Street. The security guard could see the defendant was still holding the merchandise in his hand. The defendant ran into the west parking garage, and the Macy's security guards lost sight of him.

---

[4] The following summary is drawn from the June 2, 2000 opinion by the California Court of Appeal for the Third Appellate District (hereinafter Opinion), at pgs. 2-3, filed on January 31, 2002 as Ex. D to the answer.

5

In the meantime, a Downtown Plaza security guard alerted to a report of a fleeing shoplifter spied the defendant standing in ivy between two parking levels holding gloves with sales tags attached. The defendant saw him and fled. When the Downtown Plaza security guard finally was able to catch him, the defendant no longer had the gloves on his person; the guard had not noticed him discarding them during the pursuit. The Macy's security guards came upon the scene within seconds and handcuffed the defendant. The Downtown Plaza guard found three pairs of gloves with Macy's sales tags under a car along the defendant's escape route.

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085.

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." <u>Hines v. Enomoto</u>, 658 F.2d 667, 673 (9th Cir. 1981) (citing <u>Quigg v. Crist</u>, 616 F.2d 1107 (9th Cir. 1980)). See also <u>Lisenba v. California</u>, 314 U.S. 219, 236 (1941); <u>Henry v. Kernan</u>, 197 F.3d 1021, 1031 (9th Cir. 1999). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962). See also <u>Henry</u>, 197 F.3d at 1031; <u>Crisafi v. Oliver</u>, 396 F.2d 293, 294-95 (9th Cir. 1968). Habeas corpus cannot be utilized to try state issues <u>de novo</u>. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See <u>Lindh v.</u>

Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) as amended by the AEDPA, sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

II. Petitioner's Claims[5]

Petitioner first argues that the trial court's failure to allow him to enter a plea at his November 17, 1998, arraignment and the court's failure to set a date for the preliminary hearing within ten days of that arraignment violated his Sixth Amendment right to a speedy trial, his Fourteenth Amendment right to due process and his rights pursuant to California Penal Code §§ 859a and 859b.  Petitioner also contends that he failed to enter a plea at his initial appearance "due to effective [sic] assistance of counsel."  (Pet. at 5.)  In his second "claim," petitioner contends that the California Superior Court's rejection of his speedy trial/ineffective assistance claim violated his Fourteenth Amendment right to due process because it was based on an incorrect factual finding.

As described above, the California Superior Court provided the only reasoned decision with respect to petitioner's claim in this regard and, accordingly, that opinion provides

---

[5] Although petitioner frames his arguments as two separate claims, for analytical purposes they comprise only one claim and will be addressed accordingly.

the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Petitioner's claim presented to the Superior Court in his state petition for writ of habeas corpus was addressed and rejected by that court as follows:

> Petitioner claims that due to "ineffective assistance of counsel," the court denied him due process and speedy trial rights and his rights under Penal Code § 859, in "fail[ing] to allow petitioner to enter a plea in accordance with the mandatory language of § 859, and to set preliminary hearing within ten (10) days pursuant to P.C. § 859(b)," during his arraignment before Judge Marlette on November 17, 1998. Petitioner claims that "ineffectiveness of counsel" deprived him of the right to enter his plea on that date.
>
> Petitioner, however, fails to recognize that he could not have entered a plea on November 17, 1998, even if he had asked the court if he could do so, which he did not, because the public defender who was present at the hearing declared a conflict and could not represent petitioner in the case. As such, petitioner was without counsel, and could not enter a plea until counsel had been obtained (see Penal Code §§ 859, 859a).
>
> Penal Code § 859b provides that the preliminary hearing must be held within 10 court days of the date on which the defendant is arraigned or on which the defendant enters a plea, whichever is later. The court file and the reporter's transcripts that petitioner has attached to this petition indicate that petitioner did not enter a plea at the initial November 17, 1998 arraignment, and instead entered a plea on December 7, 1998. Therefore, the 10-court-day time period of Penal Code § 859b did not begin to run until December 7, 1998. As petitioner's preliminary hearing took place on December 18, 1998, it was timely held.
>
> Petitioner has failed to state a prima facie claim for relief (In re Bower (1985) 38 Cal.3d 865.) He did not attempt to enter a plea on November 17, 1998, and he could not have entered a plea even if he had asked to do so because he was not represented by counsel at that time. For this reason, the petition is denied.

(Answer, Ex. H at 1.)

Petitioner argues that the Superior Court's opinion is based on the incorrect factual finding that he was not represented by counsel at the arraignment. He explains:

> In the denial of the present habeas corpus the Court properly found that petitioner was arraigned on November 17, 1998. The Court also correctly states that the first counsel the court requested to represent petitioner declined due to conflict of overload. However, the Court has erred in finding petitioner was without counsel. As

8

>is plainly in the record, Mr. Arkelian declined to represent petitioner and the court immediately accepted Mr. Long as appointed counsel, who acknowledged receipt of the complaint and declared that petitioner had been advised of his constitutional rights. At that time petitioner was attempting to plead guilty in hopes of obtaining a lessor [sic] sentence. However, in the Court's egerness [sic], the Court set a preliminary hearing date for November 30, at 8:30, foreclosing any attempt by petitioner to enter a plea and to gain a more favorable sentence, due to ineffective assistance of counsel's failure to object and seek a more favorable sentence, denying petitioner due process of law and a speedy trial process, prejudicing petitioner to suffer a greater sentence.

(Pet. at 5.)

The transcript of petitioner's arraignment reflects that although a public defender (Mr. Arkelian) declared a conflict at the arraignment because of "overload," an attorney from the Indigent Criminal Defense Panel (Mr. Long) acknowledged receipt of the complaint in petitioner's case and stated that petitioner had been advised of his constitutional rights. (ART at 1-2.) It therefore appears that petitioner was, in fact, represented by counsel at his initial appearance. Petitioner argues that the Superior Court's erroneous conclusion that he was unrepresented by counsel at his initial appearance invalidates the rejection of his claim by the state courts.

As discussed above, a writ of habeas corpus is not available for alleged error in the application of state law. Estelle v. McGuire, 502 U.S. at 67-68. Further, federal courts are "bound by a state court's construction of its own penal statutes." Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993). See also Bonin v. Calderon, 59 F.3d 815, 840 (9th Cir. 1995). Thus, state courts "are the ultimate expositors of state law," and reviewing courts are "bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue." Peltier, 15 F.3d at 862 (quoting Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) (construing state court judgment)). See also Melugin v. Hames, 38 F.3d 1478, 1482 (9th Cir. 1994) (Construing a state criminal statute challenged on constitutional grounds and noting that "we accept a state court ruling on questions of state law."); Oxborrow v.

9

1 Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (deferring to state court on questions of state
2 law in construing a state criminal statute).  There is no evidence of subterfuge in the opinion of
3 the California Superior Court denying petitioner state habeas relief.  Accordingly, the state
4 court's conclusion that there was no violation of state law under these circumstances is binding
5 on this court.  As noted above, federal habeas corpus relief is unavailable to overturn this state
6 court decision on a claim involving only state law.  Estelle v. McGuire, 502 U.S. at 67-68; Engle,
7 456 U.S. at 119.

8   Petitioner also claims that the failure of the trial court to obtain his plea and set a
9 hearing within ten days of the arraignment violated his right to due process.  In the petition,
10 petitioner claims that he was negotiating a plea agreement at the time of his arraignment and that
11 the two-week delay in setting a date for the preliminary hearing prevented the completion of such
12 an agreement and caused him to "suffer a greater sentence." (Pet. at 5.)  In his traverse,
13 petitioner argues that if he had been instructed by counsel to plead guilty at the arraignment, he
14 would have avoided a lengthier sentence because the information was not amended to allege his
15 two prior prison terms until after his initial appearance.  (Traverse at 3.)  Petitioner takes the
16 position that, "prejudice is the longer sentence stemming from the amended complaint, which
17 would not have occurred had petitioner been advised to plea [sic] guilty at arraignment." (Id. at
18 5.)[6]

19   As also noted above, a claim based on a right not specifically guaranteed by the
20 Constitution may form a ground for federal habeas relief where its impact so infects the entire
21 criminal proceeding that the resulting conviction violates the defendant's right to due process.
22 See Henry, 197 F.3d at 1031.  Here, however, petitioner has failed to demonstrate that the trial
23 court's failure to enter his plea and set a date for his preliminary examination at the initial

---

[6] The state court record reflects that the complaint filed November 17, 1998, alleged only one prior "strike" conviction and that the amended information filed February 9, 1999, well after the preliminary examination and on the eve of trial, added the allegations that petitioner had served two prior prison terms. (CT at 7, 39.)

appearance resulted in a complete miscarriage of justice in this case. Even if petitioner was attempting to negotiate a plea agreement, he has not demonstrated that an agreement was imminent or even possible at the time of his initial appearance. In addition, petitioner or his counsel could have continued the negotiations and/or consummated a plea agreement at any point in these proceedings, including during the trial. In short, a two-week delay in setting his preliminary hearing would have had no impact on petitioner's ability to reach a plea agreement or to plead guilty to all charges prior to that preliminary hearing. The additional argument set forth in petitioner's traverse that the failure of the court or defense counsel to enter a guilty plea on his behalf at his initial appearance resulted in prejudice because the complaint against him at that time did not include allegations of his two prior prison terms is equally unavailing. The argument that the court or defense counsel should have induced petitioner to enter a guilty plea at his November 17, 1998 arraignment on the chance that he might later be charged with having suffered additional prior convictions, is based on pure speculation. Such a bare allegation does not establish trial court error, ineffective assistance of counsel or prejudice.

It must be noted that the amended information charging the additional enhancement was not filed until the eve of trial on February 9, 1999. Petitioner could have pled guilty to the original charges set forth in the information at any time prior to that date. Again, the two-week delay in setting and holding the preliminary hearing had no impact on petitioner's ability to plead guilty before the amended information was filed months later.

Respondent essentially concedes that the decision of the California Superior Court rejecting petitioner's claim appears to be based, in part, on the inaccurate belief that petitioner was not represented by counsel at the arraignment. (Answer at 10.) Nonetheless, the state court's apparent oversight in this regard is irrelevant to the ultimate determination of whether petitioner's due process rights were violated. In this vein, whether or not petitioner was

/////

/////

represented by counsel at the arraignment, the two-week delay in setting and holding the preliminary hearing was clearly not prejudicial under the circumstances of this case.[7]

Petitioner has also failed to demonstrate that the opinion of the California Court of Appeal denying his Sixth Amendment speedy trial claim is contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S. Const., Amend. VI. In assessing this claim, the court must weigh four factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)); McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003); United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir. 1986). As discussed above, petitioner has not demonstrated that an "uncommonly long" delay in this case, for which the government was to blame, resulted in prejudice. Petitioner first appeared on these charges on November 17, 1998. A preliminary hearing was held on December 18, 1998. Petitioner's trial commenced on February 10, 1999. Thus, there was no delay of any kind in bringing petitioner to trial. Petitioner's actual claim is that he should have had a not guilty plea entered on his behalf at his initial appearance so that he

---

[7] Petitioner does not appear to be making a separate claim of ineffective assistance of trial counsel. However, to the extent he is making such a claim, relief should be denied. In order to establish ineffective assistance of counsel, petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 688 (1984). There is no indication in the state court record that petitioner's counsel failed to exercise acceptable professional judgment in his plea negotiations, his failure to enter petitioner's plea at his initial appearance, or in any other particular. There is no indication that defense counsel knew at the arraignment that petitioner had suffered additional prior convictions that were, as yet, uncharged, or that there was any other reason a plea should have been entered on the day of the arraignment. On the contrary, it appears from the record that the attorney from the Indigent Criminal Defense Panel had little or no time to familiarize himself with petitioner's case at the time of his appointment. Under such circumstances a hasty attempt to enter a guilty plea to all charges would likely have constituted ineffective assistance counsel.

could have argued that his was denied his right to a prompt preliminary examination under state law or that he should have had a guilty plea entered on his behalf at that initial appearance so that he could have avoided the increased penalties that the amended information filed on the eve of trial carried.  Of course, petitioner has not cited, nor has this court found, any authority for the proposition that the Sixth Amendment right to a speedy trial is violated by a state trial court's failure to enter a plea on behalf of a criminal defendant and the initial appearance or to set a date for the preliminary hearing within ten days thereafter.  See Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).  Accordingly, petitioner is not entitled to federal habeas relief on his Sixth Amendment speedy trial claim.[8]

Finally, in his traverse, petitioner complains for the first time that his counsel "failed to discuss with petitioner the proper way to proceed with this case, that petitioner had a right to plea, that the court had a duty to ask petitioner what his plea would be, or that petitioner should enter a plead [sic] of guilty at this time in order to avoid a harsher sentence." (Traverse at 6.)  To the extent petitioner is attempting to belatedly raise new claims of ineffective assistance in this manner, they are conclusory and improperly raised and relief should be denied on that basis.  See Jones v. Gomez, 66 F.3d 199, 204 (1995); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief). In any event, as indicated above, petitioner's unsupported allegations in this regard are insufficient to show either substandard performance or prejudice.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

---

[8] In the traverse, petitioner argues that the record in support of his claims is "underdeveloped" because the state courts failed to appoint counsel or conduct an evidentiary hearing. (Traverse at 3.) He requests that, "if the record is incomplete," an evidentiary hearing on his claims be held in this court. (Id. at 4.) Petitioner's belated request in this regard is inappropriately raised in the traverse and should be denied on that basis. Cacoperdo, 37 F.3d at 507.) In addition, petitioner fails to explain why an evidentiary hearing is necessary in this case or to demonstrate that he is entitled to such a hearing. See 28 U.S.C. § 2254(e)(2). Accordingly, petitioner's request for an evidentiary hearing should be denied.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within ten days after service of the objections.  The parties are advised
7   that failure to file objections within the specified time may waive the right to appeal the District
8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: April 18, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13  DAD:8
    salgado2035.hc